JOHN TOMERLIN *v.* G. TERRY, ET AL.

**Conveyance of Real Estate—Liability of Grantor.**
> While there may be an implied agreement upon the part of a grantor who received the price to refund to the grantee the amount overpaid under the contract of sale, this obligation does not embrace a nominal grantor who joins in the deed but receives no part of the purchase-price.

APPEAL FROM TODD CIRCUIT COURT.

March 10, 1876.

OPINION BY JUDGE LINDSAY:

The deed from Blakey & Terry shows upon its face that Terry was only a nominal vendor, and that he merely joined in the conveyance to pass the legal title out of himself. It shows that Blakey conveyed in his character of trustee for Mrs. Bibb. There is no complaint of a breach of warranty of title. The complaint is that there is a deficit in the quantity of land conveyed.

There may be an implied agreement upon the part of those who sold the land and received the price paid therefor, to refund the amount overpaid, under the terms of the contract of sale, but as Terry neither did nor could have received any portion of this excess, and as Blakey received nothing as an individual, there could have been no implied undertaking upon their part, or upon the part of either of them, to refund to appellants.

As Blakey was sued as an individual, and as Terry was not liable in any capacity, the court properly dismissed appellant's petition.

Judgment *affirmed*.

*Perkins & Perkins, for appellant. Terry & Kennedy, for appellees.*